I agree with Presiding Judge Robertson that the jury verdict for Alfa on the breach-of-contract claim and for Poarch on the bad-faith claim is an inconsistent verdict. However, I would remand only the breach-of-contract claim for a new trial. I conclude that the trial court erred by submitting the bad-faith claim to the jury; therefore, I would not remand that claim for a new trial.
The elements of a cause of action for bad-faith refusal to pay an insurance claim are:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
 "(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim."
National Security Fire Cas. Co. v. Bowen, 417 So.2d 179, 183
(Ala. 1982).
The plaintiff in a bad-faith case must prove that the insurance company had no legal or factual defense to the claim.National Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357 (Ala. 1982). "[I]f the evidence produced by either side creates a fact issue with regard to the validity of the claim, and, thus, the legitimacy of the denial thereof, the [bad-faith] claim must fail and should not be submitted to the jury." Id. at 1362. This standard is called the "directed verdict on the contract claim standard," and is stated as follows:
 "In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim, and, thus, entitled to recover on the contract claim as a matter of law."
Id. at 1362.
Poarch argues that Alfa, in bad faith, refused to replace the walls after the fire and paid only to have the walls repainted. Poarch also argues that Alfa, in bad faith, paid too little for a contractor to replace the sheetrock once the repainting did not adequately repair the fire damage to the walls. I conclude that the record contains evidence indicating that Alfa did have a legitimate reason to pay initially only for repainting the walls. The first contractor told the Poarches that repainting the walls would be sufficient to repair the fire damage. I also conclude that the record contains evidence indicating that Alfa did have a legitimate reason to pay the second contractor about $6,000 to replace the sheetrock because the second contractor placed a bid of about $6,000 to do the work. Therefore, I dissent from that portion of *Page 957 
the judgment remanding the bad-faith claim for a new trial.